UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GARY GAYLOR, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:11CV1526 JCH |
| ) | |
| DELLWOOD ACQUISITIONS, INC., ) | |
| ) | |
| Defendant(s). ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Summary Judgment, filed August 30, 2012. (ECF No. 35). The motion is fully briefed and ready for disposition.

## **BACKGROUND**

Plaintiff Gary Gaylor was diagnosed with Multiple Sclerosis in 2005, and additionally suffers from neck and back problems as a result of a work accident, and other assorted ailments. (Plaintiff's Statement of Undisputed Material Facts ("Plaintiff's Facts"), ¶ 1). Due to Plaintiff's disabilities, he requires a cane or wheelchair to help him ambulate safely. (Id., ¶ 2).

In January of 2011 Plaintiff, a resident of Cleveland, Georgia, traveled to St. Louis to visit his son, who was then residing in the area. (Plaintiff's Facts, ¶¶ 3, 8).[1] Plaintiff again visited St. Louis in June of 2011, at which time he visited "Dellwood Crossing," a shopping center owned by Defendant Dellwood Acquisitions, Inc. (Id., ¶¶ 5, 9, 10). Plaintiff maintains he visited the shopping center at issue in order to shop and browse cell phones, and search for other items and supplies. (Id.,

---

[1] Plaintiff's son has since relocated to Melbourne, Florida. (Defendant's Statement of Additional Undisputed Facts ("Defendant's Facts"), ¶ 9).

¶ 10).[2] Plaintiff asserts he encountered a great deal of accessibility problems, however, and could not enter portions of the facility due to numerous barriers to access at the property. (Id.).

Plaintiff alleges he intends to return to St. Louis in December, 2012, or January, 2013, in order to visit his son's friends and patronize casinos in the area. (Plaintiff's Facts, ¶¶ 22, 23). Plaintiff maintains he intends to stay in a hotel near Defendant's property, and thus plans to visit Dellwood Crossing to shop for goods and supplies during his trip. (Id., ¶ 24). Plaintiff further asserts he intends to return to Defendant's property as an ADA tester, to see if the barriers to access have been remedied. (Id., ¶ 25).

Plaintiff filed his Complaint in this matter on September 1, 2011, claiming violations of Title III of the ADA. (ECF No. 1).[3] As relief, Plaintiff seeks a declaration that Defendant's property is in violation of the ADA, together with orders directing Defendant to alter its facility to make it accessible and useable by individuals with disabilities to the full extent required by Title III, and directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time as to allow Defendant to undertake and complete corrective procedures. (Id., P. 5).[4] As stated above, Plaintiff filed the instant Motion for Summary Judgment on August 30, 2012, asserting he is entitled to judgment as a matter of law on the following:

(1) Defendant is the owner of Dellwood Commons, a place of public accommodation;

---

[2] Defendant conversely asserts Plaintiff visited the shopping center as a "tester," to determine whether there were potential violations of Title III of the Americans with Disabilities Act ("ADA") on the property. (Defendant's Facts, ¶ 2).

[3] Plaintiff originally named Realty Income Properties 7, LLC, as a Defendant in this matter. (ECF No. 1). Plaintiff stipulated to the dismissal of Realty Income Properties with prejudice on August 13, 2012. (ECF No. 31).

[4] Plaintiff further seeks an award of reasonable attorneys' fees, costs (including expert fees), and other expenses.

(2) Defendant, as owner of a place of public accommodation, is liable for noncompliance with Title III of the ADA;

(3) Plaintiff qualifies as a disabled individual under the ADA;

(4) Defendant's facility falls under the "New Construction" standard of the ADA;

(5) Defendant's facility contains architectural barriers; and

(6) Plaintiff has standing to bring this action.

((ECF No. 35). Defendant does not contest Plaintiff's entitlement to summary judgment on claims (1) through (4), and so the Court will grant those portions of Plaintiff's motion.[5] The Court thus turns to a discussion of claims (5) and (6).

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must

---

[5] Defendant does not specifically contest claim five in its response to Plaintiff's motion. Defendant does, however, contest certain aspects of the claim in its response to Plaintiff's Statement of Undisputed Material Facts. In the future, Defendant's attorneys are advised to include all opposing contentions in their memorandum of law, as other Judges may not be willing to extrapolate arguments from other submissions.

set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. Anderson, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. Anderson, 477 U.S. at 255. The Court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Id. at 249.

## DISCUSSION

**I.     Does Defendant's Facility Contain Architectural Barriers?**

Plaintiff asserts Defendant's facility contains numerous architectural barriers, including inaccessible parking, curb ramps, sidewalk routes and payment/service counters. (Plaintiff's Memorandum in Support of Motion for Summary Judgment, PP. 8-10). Plaintiff supports this assertion with citations to his own deposition testimony, together with photographs taken by Plaintiff and Plaintiff's Expert Disclosure prepared by Ryan McKee. Defendant provides no contradictory evidence; instead, it merely points out various alleged discrepancies and/or omissions in Plaintiff's submissions.

Upon consideration, the Court will deny this portion of Plaintiff's motion. While Defendant does not dispute the existence of each and every architectural barrier cited, it does contest certain aspects of Plaintiff's claim. Furthermore, the examples cited by Plaintiff do not appear to align completely with those noted by his expert witness. The Court thus finds it necessary to evaluate Plaintiff's evidence, including opinion testimony from his expert witness, during the non-jury trial of

this matter. This course of action is especially preferable as in the event Plaintiff ultimately prevails, the Court will be called upon to fashion an appropriate remedy.

## II. Does Plaintiff Have Standing To Bring This Action?

"The question of standing concerns 'whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.'" Miller v. Ataractic Inv. Co., LLC, 2012 WL 2862883 at *2 (W.D. Mo. Jul. 11, 2012) (quoting Warth v. Seldin, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)). "To establish Article III standing, a plaintiff must show: 1) that he or she suffered an 'injury-in-fact,' (2) a casual [sic] relationship between the injury and the challenged conduct, and (3) that the injury will likely be redressed by a favorable decision." Gaylor v. GS Brentwood LLC, 2011 WL 5079588 at *2 (E.D. Mo. Oct. 25, 2011) (internal quotation marks and citations omitted). "The party invoking federal jurisdiction bears the burden of establishing these elements." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (citations omitted).

Under Eighth Circuit law, to show an injury-in-fact Plaintiff must allege a "concrete and particularized" and "actual or imminent" harm, not one that is merely "conjectural or hypothetical." Steger v. Franco, Inc., 228 F.3d 889, 892 (8th Cir. 2000) (citing Lujan, 504 U.S. at 560-61). As applied to standing to seek injunctive relief under Title III, Plaintiff "need not engage in the 'futile gesture' of visiting a building containing known barriers that the owner has no intention of remedying, [but Plaintiff] must at least prove knowledge of the barriers and that [he] would visit the building in the imminent future but for those barriers." Id. (citations omitted). See also Gaylor, 2011 WL 5079588 at *2. "Intent to return to the place of injury 'some day' is insufficient." Steger, 228 F.3d at 893 (citation omitted).

Upon consideration, the Court finds fact questions remain as to whether Plaintiff successfully has established standing to pursue his claim. In other words, while both in his Complaint and in connection with the instant motion Plaintiff alleges an intention to return to St. Louis, and to Defendant's property in particular, in the near future, the Court cannot credit those allegations as a matter of law. Such a ruling would require a determination as to Plaintiff's credibility, which is inappropriate on summary judgment. This portion of Plaintiff's Motion for Summary Judgment must therefore be denied.[6]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 35) is **GRANTED** in part and **DENIED** in part, in accordance with the foregoing.

Dated this  20th  day of November, 2012.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[6] On November 14, 2012, Plaintiff submitted supplemental evidence, allegedly demonstrating that he again patronized Defendant's property on October 30, 2012. The Court finds the unverified submission, consisting of receipts without even a purchaser's name documented, insufficient to meet Plaintiff's burden.